UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| United States of America | ) |
| | ) |
| vs. | ) Civil No. 1:05-CV-00012-JAW |
| | ) |
| Laura H. Starr | ) |

JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on promissory notes, mortgages, and security agreements and no appearance or answer having been filed by defendant, Laura H. Starr, for failure to plead or otherwise defend; and it appearing from a Declaration of Jennifer Ranke that the defendant is neither an infant nor incompetent, nor in the military service of the United States, and that the total amount due to plaintiff on the note and mortgage is $229,249.22, plus interest and costs; now upon plaintiff's Motion for Default Judgment, it is:

ORDERED, ADJUDGED, AND DECREED that:

l.  Default judgment is granted for the plaintiff on April 28, 2005, against defendant, Laura H. Starr.

2.  Defendant, Laura H. Starr has breached the conditions of the plaintiff's promissory notes, mortgages, and security agreements.

3.  The property, which is the subject of this action and judgment, is as described in the complaint and as described in a real estate mortgage executed by Laura H. Starr and recorded in the Hancock County Registry of Deeds in Volume 2804, Page 455,

respectively.

4.  There is due the plaintiff the sum of $200,106.00 in principal, together with $29,143.22 in interest as of January 7, 2005, for a total of $229,249.22, plus interest accruing thereafter to the date of judgment under the terms of the promissory note, mortgage, and security agreements, plus costs.

5.  If defendant, Laura H. Starr, her successors, heirs, or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency (formerly known as Farmers Home Administration), Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged premises in one parcel or in separate parcels, and the personal property at public sales pursuant to the requirements of 28 U.S.C. Section 2002, 14 M.R.S.A. Sections 6323, 6324, and this judgment.  Notice of said sale shall be given by publishing a Notice of Sale in a newspaper of general circulation in Hancock County, Maine, once a week for four (4) weeks.  Such notice will not be published until after the expiration of the redemption period, but not later than ninety (90) days after the expiration of the redemption period.  This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

6.  Defendant, Laura H. Starr shall deliver possession of the real property to the plaintiff ten days (10) after the foreclosure sale.

7.  Defendant, Laura H. Starr shall deliver possession of the personal property to the plaintiff 30 days from the date of said judgment.  Failure by the defendant to turnover such property will result in the United States being granted a Writ of

Possession to seize such property for purposes of the public sale.

8. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

9. The plaintiff may bid at the foreclosure sale. If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale. The Marshal shall then deliver a deed conveying the mortgaged premises or a bill of sale conveying the personal property to the purchaser on behalf of the plaintiff. Such deed or bill of sale shall convey the premises free and clear of all interests of the defendant, and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Hancock County Registry of Deeds. Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged premises.

10. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises; The Marshal shall first pay all costs including the costs and expenses of sale; he shall then pay the plaintiff the principal amount due on its mortgage of $200,106.00, plus interest in the amount of $29,143.22 through January 7, 2005, for a total of $229,249.22, plus interest from that date through

the date of judgment at the per diem rate of $27.4118, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit.  There being no other attachment or other lien creditors, any surplusage shall then be remitted to defendant, Laura H. Starr.

    11.  A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk.  If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due on its mortgage.

    Dated:  June 2, 2005

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE